## Tweitmann's Estate.

*Wills—Construction—Bequest of "mortgage money"—Ademption.*

Where testatrix bequeathed a mortgage to her husband for life and bequeathed to a niece "all of my mortgage money which may be left" after the husband's decease, and it appears that the testatrix owned only one mortgage, and that this was paid off in her lifetime, and the proceeds deposited in her bank account, the niece is not entitled to the money in the bank account, since, as there was no part of the estate invested in mortgages at the time of the death of testatrix, there was no subject-matter to which the words "my mortgage money" was applicable.

Exceptions to adjudication. O. C. Phila. Co., April T., 1927, No. 1568.

LAMORELLE, P. J., Auditing Judge.—Emma Tweitmann died Aug. 30, 1926, having first made a will, dated July 10, 1924, and codicil thereto, dated April 19, 1926, of which she appointed Frankford Trust Company executor, to which company letters testamentary were granted Oct. 23, 1926.

By her will, after directing the payment of her just debts and funeral expenses, testatrix gave unto her husband, A. Theodore Tweitmann, all the net income derived from her real and personal estate, such as the rents of No. 4700 Penn Street, the interest from stocks of the Frankford Trust Company and the Philadelphia Fire Insurance Company, and one-half share in the interest derived from the mortgage on Nos. 4502-04 Frankford Avenue, as well as the half interest in the instalment payments under the terms of said mortgage. She provided, if the mortgage was paid off, that the money should be reinvested in good first mortgages, and that he was to receive the interest therefrom; also all moneys belonging to her on deposit in bank, for the term of his natural life. She bequeathed unto her niece, Magdalene Oberheide, all the rents derived from No. 1834 Pear Street, and after deducting all taxes, water rents and repairs, up to the time of the decease of her said husband, and all of her Liberty Bonds absolutely. After the death of her husband, she devised to her niece, Catharine Pfenning, said premises, No. 1834 Pear Street, and also all her fire insurance stock and Frankford Trust Company stock; to her niece, Catharine Schlater, her diamond earrings and also the sum of $50; and unto Magdalene Oberheide, for her care and attention to herself and husband, the property No. 4700 Penn Street, Frankford, and all the furnishings in said property, "also all of my mortgage money, which may be left after his decease, absolutely." By the codicil, she stated that she wanted $1000 to be paid to Magdalene Oberheide, for waiting on her in sickness, tending to fires and taking care of the house, out of the saving fund.

Neither the will nor the codicil contains a residuary clause.

The husband, A. Theodore Tweitmann, died Oct. 8, 1926, without having elected to take under or against the will.

Testatrix did not marry, nor were any children born, after the execution of the will.

Transfer inheritance tax has not been paid.

The decedent, at the time of the execution of her will, owned a one-half interest in a mortgage secured on premises Nos. 4502-04 Frankford Avenue. This was originally for $26,000, and was payable in instalments. It had been reduced by payments on account in her lifetime to $22,000. On or about June 19, 1925, the mortgage debt was paid and the amount of the decedent's interest therein, to wit, $11,105, was deposited by her direction in a savings fund account at the Frankford Trust Company. At the time of her death, the decedent owned no mortgages, but she had on deposit in a savings fund account in the Frankford Trust Company $12,408.53. The question presented

for determination is what testatrix meant by the bequest of "my mortgage money."

Counsel on behalf of Magdalene Oberheide contends that by the words "my mortgage money" was meant the proceeds of the mortgage, and that testatrix intended to give the proceeds thereof; and that the claimant, under the ruling in Black's Estate, 223 Pa. 382, is consequently entitled to $11,105. The Auditing Judge is unable to agree with this contention. He is of opinion that testatrix intended by the use of the words "my mortgage money" to give to Magdalene Oberheide so much of her estate as might be invested at the time of her husband's death in a mortgage or mortgages.

Section 9 of the Wills Act of 1917 provides as follows: "Every will shall be construed, with reference to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will." The Auditing Judge is of opinion that no contrary intention is disclosed by the will, and as no part of her estate at the time of her death was invested in mortgages, there is no subject-matter to which the words "my mortgage money" are applicable.

[The awards are omitted.]

*Frederick C. Fuges*, for exceptions; *Moore, Gossling & Panfil*, contra.

HENDERSON, J., Nov. 10, 1927.—We have carefully examined the record in this case and briefs of argument submitted by counsel, and are of opinion that the Auditing Judge was correct in disposing of the questions involved and for the reasons given by him.

The exceptions are dismissed and the adjudication is confirmed absolutely.

STEARNE, J., did not sit.